**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0869-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PEDRO DOMINGUEZ, a/k/a PEDRO
DOMINGUEZ, JR.,

    Defendant-Appellant.

_____

Submitted February 13, 2018 — Decided June 6, 2018

Before Judges Fisher and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Indictment No.
11-01-0003.

Joseph E. Krakora, Public Defender, attorney
for appellant (Amira R. Scurato, Designated
Counsel, on the brief).

Michael A. Monahan, Acting Union County
Prosecutor, attorney for respondent (Meredith
L. Balo, Special Deputy Attorney General/Acting
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

Defendant Pedro Dominguez appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He argues that he was entitled to an evidentiary hearing because he established a prima facie case of ineffective assistance of counsel due to trial counsel's failure to object to prosecutorial misconduct in summation; and failure to advise him of his right to testify when counsel did not comment, object, or ask for a recess when defendant advised the trial judge that he "was not feeling good" and would not testify. We agree with the PCR court that the claim of prosecutorial misconduct was procedurally barred under Rule 3:22-5 because it was raised and denied on direct appeal, and that defendant was fully appraised of his right to testify, and we therefore affirm.

To resolve the issues raised in this appeal, we need not discuss the trial evidence, which is detailed in our twenty-four page unpublished opinion affirming defendant's convictions, along with that of his two co-defendants (collectively defendants), for two counts of first-degree armed robbery, third-degree possession of a weapon for an unlawful purpose, and fourth-degree possession of a weapon for unlawful use, as well as defendant's consecutive sentences of fifteen- and thirteen-year prison terms. State v. Yebes, No. A-2098-12 (App. Div. May 6, 2015), certif. denied, 223

N.J. 280 (2015). Instead, we limit our focus to defendant's contentions on appeal.

Concerning alleged prosecutorial misconduct, defendant contends counsel failed to object to the prosecutor's closing remarks that: defendants failed to tell police how they came to possess the victim's cell phone; the victim should be able to walk around without being threatened with a knife; he is the same size as the victim, and suggested the victim would not be significantly impaired given the amount of beer he consumed; he did not object to any of the evidence the defendants sought to admit; in citing the book, Blink[1], which posits an identification theory and was not mentioned during witnesses' testimony, muddled the jury charge on identification that was based upon State v. Henderson, 208 N.J. 208 (2011); and the victim was thinking "am I going to die here in the street?" even though the thought was not admitted into evidence.

Defendant argues that the claim of ineffective assistance related to prosecutorial misconduct was not previously adjudicated and thus should not be barred by Rule 3:22-5. Under the rule, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the

---

[1] Malcolm Gladwell, Blink: The Power of Thinking Without Thinking (2005).

conviction or in any post-conviction proceeding brought pursuant to this rule . . . , or any appeal taken from such proceedings." R. 3:22-5. He further asserts that his claim falls under the exception of Rule 3:22-4(a), which provides:

> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
>
> (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

We disagree and affirm substantially for the reasons set forth in Judge John M. Deitch's concise and logical written decision.

Judge Deitch noted that in defendant's direct appeal, this court determined that the prosecutor's summation did not deny defendant a fair trial where there was an:

> (1) emphasis on the violent nature of the crime; (2) suggestion that defense counsel called the victims "liars"; (3) disparagement of the motives of defense counsel; (4) expression of his own experience with alcohol; and (5) reference to the book, Blink, which discusses eyewitness identification. In addition, [a co-defendant], who testified at trial, contends the prosecutor improperly commented on his silence at the time of arrest.
>
> [Yebes, slip op. at 14.]

4

We specifically concluded, "the prosecutor's summary remarks, for the most part, were responsive to the issues raised by defense counsel in his summation and a fair commentary on the evidence adduced at trial." Id. at 15. Since defendant's present claim is substantially similar to the claim he raised on direct appeal that we found was without merit, we agree with the judge's reasoning:

> Accordingly, the [c]ourt finds that issue of prosecutorial misconduct was raised on appeal and adjudicated. . . . Defendant had access to the trial transcript containing the "new" statements made by the prosecutor that he now seeks to contest. However, he failed to raise[] th[at] issue when the issue was open before the Appellate Division. Since the . . . issue of prosecutorial misconduct was adjudicated by the appellate court and was of record and could have been raised during appeal, the claims are now barred from adjudication under [Rule] 3:22-5 and [Rule] 3:22-4.

Turning to defendant's decision not to testify, he argues "[i]t is the lack of investigation [by counsel] into [his] medical condition when he stated he was not feeling well at the time of the judge's colloquy as well as [counsel's] lack of thorough consultation and representation which is . . . the heart of [his] motion for post-conviction relief." Defendant proffers his counsel failed to properly guide him "through the decision process regarding whether to testify[,]" and should have taken a short

recess to discuss defendant's decision not to testify when he told the court he was "not feeling good." Again, we disagree with defendant's argument, and affirm substantially for the reasons set forth in Judge Deitch's written decision.

In denying PCR, the judge applied the well-settled two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), that a defendant must first show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687); and second, he must prove that he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92. The judge found that under State v. Cummings, 321 N.J. Super. 154, 170 (App, Div. 1999), defendant's contentions were nothing more than bald assertions without any factual support, and thereby failed to establish a prima facie case of ineffective assistance of counsel.

Our review of the record fully substantiates Judge Deitch's finding that "[t]he record is clear that the issue of [defendant] testifying was appropriately raised, discussed between counsel and [defendant], and addressed on record." After the State concluded its case, counsel obtained more time to consult with defendant regarding whether he would testify in his defense because counsel

A-0869-16T2

stated in his opening that defendant would testify, he urged defendant to testify, and defendant had not "made up his mind" whether he would testify. Thereafter, the following colloquy took place among the court, counsel, and defendant regarding whether defendant would exercise his right to testify:

> The Court:      All right.  Before we bring the jury out, [defense counsel], I understand you've had a discussion with your client and your client has decided not to testify.  Is that correct?
>
> [Counsel]:      That's correct, Your Honor.
>
> EXAMINATION BY THE COURT
>
> [The Court:]   [Defendant], this decision is yours?
>
> [Defendant:]   Yes, sir.  Before you asked, I'd like to have this right.
>
> [Counsel]:     Right.
>
> [The Court:]   No one is forcing you to do that?  You're making this --
>
> [Defendant:]   Before he rests.
>
> [The Court:]   decision   on    your    own? [Counsel] has given you some advice, correct?
>
> [Defendant:]   Yes, sir.
>
> [The Court:]   But you've chosen, on your own, not to testify?
>
> [Defendant:]   I'm not feeling good.

A-0869-16T2

> [The Court]: Thank you, sir. All right. When the . . . jury is ready we'll bring them in.

Although there was no inquiry concerning defendant's comment that he did not feel well, Judge Deitch sua sponte located in the trial court file a form that was executed by defendant — and witnessed by counsel — after the court's voir dire of defendant, entitled "Defendant's Election Not to Testify." The form was read to the jury, and provided in pertinent part, that defendant exercised his constitutional right not to testify and that he is presumed innocent whether or not he testified. Judge Deitch further noted that at no time thereafter did defendant comment about feeling ill.

Because we agree with Judge Deitch that defendant failed to establish a prima facie case of ineffective assistance of counsel, we cannot find that he abused his discretion in denying defendant's request for an evidentiary hearing. State v. Preciose, 129 N.J. 451, 462 (1992); see also State v. Porter, 216 N.J. 343, 354 (2013) (holding an evidentiary hearing need only be conducted if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0869-16T2